[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13374

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEDRICK DAWON MCDOWELL,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:21-cr-00339-LSC-NAD-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Dedrick McDowell has a long and growing rapsheet. He has previously been convicted of crimes such as obstruction of justice, attempt to elude law enforcement, resisting arrest, disarming law enforcement, and assault. He has also been charged with serious crimes, including obstruction of justice, attempting to elude law enforcement, resisting arrest, tampering with physical evidence, reckless driving, reckless endangerment, domestic violence assault, drug trafficking, unlawful drug or drug paraphernalia possession, and receipt of stolen property. Those charges are pending in state court. Because McDowell is a convicted felon, he is not allowed to possess a firearm. *See* 18 U.S.C. § 922(g)(1). Twice over the course of seven months, however, police officers conducting traffic stops caught McDowell with loaded pistols.

McDowell was indicted on two counts of Section 922(g)(1) violations. McDowell pleaded guilty to both counts, and the case proceeded to sentencing. At the sentencing phase of a criminal case, federal district courts are asked to fashion a sentence that is "sufficient, but not greater than necessary to," among other things, "promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a), (a)(2)(A)–(C). District courts must consider many factors when fashioning a sentence, with "the history and characteristics of the defendant" being one such factor.

*Id.* § 3553(a)(1). To aid district courts' navigation of the multi-faceted sentencing process, Congress tasked the United States Sentencing Commission with publishing the United States Sentencing Guidelines. 28 U.S.C. § 994(a)(1); 18 U.S.C. § 3553(a)(4)(A)(i). The Guidelines contain a formula that takes a defendant's criminal history into account as one of several inputs to identify a range of recommended sentences. *See* U.S.S.G. § 1B1.1(a). The criminal history input comprises only past convictions, *see id.* § 4A1.1, meaning that McDowell's pending state charges did not factor into that calculation. McDowell's criminal history was a level 8, and his Guidelines recommendation was 57-71 months' imprisonment per count.

The district court concluded that neither 57-71 months (if the sentences ran concurrently) nor 114-142 months (if the sentences ran consecutively) was "sufficient" in light of McDowell's significant and largely underrepresented criminal history and his likelihood to reoffend once released. 18 U.S.C. § 3553(a). The district court found that McDowell has no respect for the law or law enforcement and that McDowell exhibits his disdain in particularly dangerous ways. One of McDowell's prior convictions involved him violently attacking two police officers and causing injuries to both. Some of McDowell's pending state charges arose from multiple attempts to avoid or escape police custody.

The district court heard testimony that McDowell drove away in the middle of a traffic stop, while a police officer was leaning against the car. During the car chase that ensued, McDowell threw "roughly three and a half pounds" of cocaine out of the car.

McDowell eventually crashed the vehicle and ran away on foot, avoiding capture at that time. Police later found McDowell in a stolen vehicle, but he evaded a police helicopter. Police had to surveil his home, which led to another dangerous pursuit. McDowell again crashed a vehicle but was this time taken into custody.

McDowell's violent and reckless behavior has not been directed solely at law enforcement. The district court also heard testimony that McDowell has pending domestic violence charges arising from McDowell physically attacking his girlfriend —by hitting, headbutting, and biting her—because she asked that McDowell return her vehicle to her. McDowell concluded the attack by repeatedly kicking his girlfriend's car and, according to the girlfriend's testimony, causing $700 in damage to the vehicle.

Finally, the district court found that McDowell has been and still is engaged in the drug trade. Not only does McDowell have pending charges for drug trafficking, but in both traffic stops giving rise to this prosecution, McDowell was discovered with loaded pistols, large quantities of controlled substances, and thousands of dollars in cash.

Based on these and similar facts, the district court concluded that imposing a guidelines sentence would be insufficient to satisfy the district court's obligations under Section 3553(a). In light of McDowell's disregard for the law and his violent tendencies, the district court concluded that the only sentence it could impose that would even arguably satisfy Section 3553(a) was the statutory maximum—120 months for each count, running consecutively, for a

22-13374                Opinion of the Court                5

total of 240 months' imprisonment. *See* 18 U.S.C. § 924(a)(2). The district court ran this sentence concurrent with any sentence McDowell received upon conviction for the pending state charges.

McDowell argues that this sentence was substantively unreasonable because it varies so greatly from the guidelines range. We disagree.

McDowell first argues that degree of the variance itself constitutes reversible error. To allow such a sentence, he says, threatens to upend the uniformity of sentences received by defendants who have committed similar crimes. To ward off the specter of undue disparity, McDowell asks us to adopt a presumption that variances of this magnitude are substantively unreasonable. Our caselaw counsels against any such presumption. We have approved similarly significant upward variances based on a defendant's significant criminal history and likelihood of recidivism. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1253, 1256–57 (11th Cir. 2015) (60-month upward variance; 222% increase above Guidelines); *United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012) (113-month upward variance; 116% increase above Guidelines); *United States v. Shaw*, 560 F.3d 1230, 1235–36, 1239–41 (11th Cir. 2009) (83-month upward variance; 224% increase above Guidelines). Here, the district court's total variance was 169 months (238%) if compared to concurrent Guidelines sentences or 98 months (69%) if compared to consecutive Guidelines sentences. Even under the more drastic comparison, the variance here is not

materially different than the sentences we approved in *Rosales-Bruno*, *Early*, and *Shaw*.

McDowell also contends that, with or without any presumption of unreasonableness, his sentence is unlawful because the district court gave improper weight to the litany of pending state charges. To be clear, McDowell concedes that the district court was allowed to consider the pending charges. Appellant's Br. at 16. And McDowell did "not disput[e]" the nature or circumstances of those charges, and he even purported to "accept[] responsibility for those" charges. *Id*. at 6–7 (internal quotation marks and citation omitted). Moreover, we note that the district court heard extensive testimony about McDowell's conduct, which resulted in these charges. That is, the district court did not merely rely on the fact that McDowell had been arrested and charged with these offenses; it found by a preponderance of evidence that McDowell committed the offenses with which he has been charged.

Nonetheless, McDowell argues that the district court gave too much weight to the conduct that made up these pending charges. That's a losing position. A district court's discretion to find facts at sentencing and to weigh the Section 3553(a) factors is broad. We will remand for resentencing only if the district court "commit[ted] a clear error in judgment[.]" *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court did not commit any clear error here. There's no disputing that McDowell has a history of violent and reckless behavior, and the district court heard evidence of that behavior. Because only a fraction of

McDowell's history is evidenced by prior convictions, the district court found that the Guidelines calculation did not account for the full magnitude of McDowell's background and characteristics.

The district court's decision to give substantial weight McDowell's criminal conduct—for which he has been charged but not yet convicted—was not "a clear error in judgment." *Id.* Such evidence is highly probative of the defendant's respect for the law and likelihood of recidivism. *See Rosales-Bruno*, 789 F.3d at 1253, 1256–57; *Early*, 686 F.3d at 1221–23; *Shaw*, 560 F.3d at 1235–36, 1239–41.

Establishing the substantive unreasonableness of a federal criminal sentence is a heavy burden. *See Rosales-Bruno*, 789 F.3d at 1256 ("[I]t is only the rare sentence that will be substantively unreasonable." (quoting *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013))). McDowell has not carried that burden in this case. The judgment of the district court is **AFFIRMED**.

1                      JORDAN, J., Concurring                      22-13374

JORDAN, Circuit Judge, Concurring in the Judgment.

Even though we are conducting abuse of discretion review, for me this is a close case with respect to substantive unreasonableness. It is close because the district court's sentence of 240 months constituted an upward variance of about 240% from the top of the advisory guidelines range of 57-71 months. And it is close because the district court based this significant variance in large part on criminal conduct for which Mr. McDowell had been charged but not convicted.

I concur in the judgment for two reasons. First, our precedent indicates that Mr. McDowell is not entitled to reversal. *See, e.g., United States v. Shaw*, 560 F.3d 1230, 1238-41 (11th Cir. 2009) (upholding sentence of 120 months, which was an upward variance from the advisory guideline range of 30-37 months, for one count of being a felon-in-possession (due to the defendant's criminal history). Second, this is not a case in which the district court relied on arrest narratives set out in the PSR in the face of denials by the defendant. Instead, the district court heard testimony on the conduct that led to Mr. McDowell's arrests and credited that testimony.